282 P.2d 317

William B. MASON, Plaintiff and Respondent,

v.

Wayne N. MASON, Defendant and Appellant.

No. 8198.

Supreme Court of Utah.

April 8, 1955.

Young, Thatcher & Glasmann, Ogden, for appellant.

Clyde & Mecham, Salt Lake City, Robert C. Gibson, Moab, for respondent.

WADE, Justice.

William B. Mason, plaintiff and respondent herein, brought this suit to impress a trust on six 40 acre tracts of land in Box Elder County, Utah to which the United States issued a patent to Wayne N. Mason, appellant herein, after sale to him under the authority of Sec. 2455 of the Revised Statutes as amended, 43 U.S.C.A. § 1171, which, so far as material here, reads as follows:

"* * * it shall be lawful for the Secretary of the Interior to order into market and sell at public auction, at the land office of the district in which the land is situated, for not less than the appraised value, any isolated or disconnected tract or parcel of the public domain not exceeding one thousand five hundred and twenty acres which, in his judgment, it would be proper to expose for sale after at least thirty days' notice by the land office of the district in which such land may be situated: *Provided,* That for a period of not less than thirty days after the highest bid has been received, any owner or owners of contiguous land shall have a preference right to buy the offered lands at such highest bid price, and where two or more persons apply to exercise such preference right the Secretary of the Interior is authorized to make an equitable division of the land among such applicants, * * *."

After trial the court impressed a trust on three of the six tracts of land sold to Wayne N. Mason who appeals from that judgment. William B. Mason cross-appeals, contending that all six tracts involved in this suit should have been awarded to him.

The land which consisted of a single unit of 13 subdivisions aggregating 540.16 acres was offered for public sale upon the appli-

cation of William B. Mason who owned five tracts of land abutting the western boundary of the public lands. Wayne N. Mason claimed ownership of one forty acre tract of land also abutting on the western boundary of these public lands. At the sale Wayne N. Mason was the highest bidder. Within the time allowed by law both William and Wayne Mason asserted their preference rights to purchase these lands as contiguous owners. The two having failed to agree respecting a division the matter was referred to the Regional Administrator for the Colorado-Utah Region, Bureau of Land Management who determined that William B. Mason be allowed to purchase 12 of the tracts and Wayne N. Mason one tract contiguous to his property. This decision was appealed to the Director of the Bureau of Land Management by both claimants. William B. Mason contended he was entitled to purchase all 13 tracts and Wayne N. Mason contended that at least ½ of the tracts should be awarded to him. The decision of the Regional Administrator was affirmed whereupon Wayne N. Mason appealed to the Secretary of the Interior. William B. Mason received notice of this appeal but failed to take any part therein.

The Secretary of the Interior by Mastin G. White, Solicitor, reversed the determinations of the Regional Administrator and the Bureau of Land Management and in accordance with a department regulation, 43 CFR 250.11(b) (3), which provided that:

"Where there is a conflict between two or more persons claiming a preference right of purchase, they will be allowed 30 days from receipt of notice within which to agree among themselves upon a division of the tracts in conflict by subdivisions. In the absence of an agreement the regional administrator will make a determination equitably apportioning the various subdivisions among the claimants, ordinarily so as to equalize as nearly as possible the tracts they should be permitted to purchase. * * *"

he apportioned six portions to Wayne N. Mason and seven portions to William Mason. The extra subdivision was allowed William B. Mason because he initiated the proceedings for the sale. In making his decision it was pointed out by the Solicitor that ordinarily "equality is equity" unless there appear in the record reasons why this would not be true. Although the Regional Administrator in making the determination that the land should be apportioned so that William Mason received 12 subdivisions and Wayne Mason 1 subdivision stated that he did so "after giving due consideration to the lands owned by each of the conflicting preference right applicants, the nature of the isolated tract, and the use each applicant makes of his own lands together with the land in the isolated tract," the Solicitor found nothing in the determination or facts in the record to show why those considerations made it equitable to so divide the land. The only difference in the claimant's rights insofar as the record before him showed was that William B. Mason owned 5 tracts

of land whereas Wayne N. Mason only owned one tract of land contiguous to the land being sold and such fact was not sufficient to warrant a departure from the rule that usually equity means equality.

At the trial of the case over the objection of appellant Wayne N. Mason, the court allowed evidence to be introduced of the history of the use and the type of terrain involved, that it lacked water and its primary value was for grazing purposes and that William Mason had water on the land he owned which was contiguous to the land sold but Wayne N. Mason did not. That because of their limited forage it would be uneconomical to fence the lands and could only be of real use to the owners of contiguous lands who had water readily accessible to the livestock. Wayne N. Mason had only the 40 acre tract which he bought to qualify as a preference claimant and some forest permits which are separated by rough terrain from the lands sold to him. There was also introduced evidence that Wayne N. Mason procured on September 24, 1949, the quitclaim deed to the 40 acre tract abutting the land being sold from one Nish who was purchasing it from an insurance company. Nish finished payments on this contract on Sept. 26, 1949, with money provided by Wayne N. Mason and on Oct. 4, 1949 received a warranty deed from the insurance company. The sale of the public lands was held on September 28, 1949. Although Nish considered that Mason owned the tract he had quitclaimed to him, Mason did not receive a warranty deed from Nish until several months after the sale of the public lands.

The court as trier of the facts found that Sec. 2455 of the Revised Statutes, 43 U.S. C.A. § 1171, was implemented by the following regulation in effect at the time of the sale in 43 Code of Federal Regulations, 250.11, which provided:

" '(b) *Preference right of purchase; declaration of purchaser.* The owners of contiguous lands have a preference right, for a period of 30 days after the highest bid has been received, to purchase the land offered for sale at the highest bid price or at three times the appraised price if three times such appraised price is less than the highest bid price. Such preference right may also be asserted at any time prior to the commencement of such period. Such preference right is not extended to the owner or owners of cornering lands.

" '(1) A preference right to purchase must be supported by proof of the claimant's ownership of the whole title to the contiguous lands (that is, he must show that he had the whole title in fee), and must be accompanied by the purchase price of the land.' "

and that the Regional Administrator had determined that Wayne N. Mason should be permitted to purchase one subdivision and that although the Solicitor for the Secretary of the Interior had under a regulation then in effect determined that an

equitable division was an equal division as near as possible, that regulation had since that decision, in June, 1953, been changed to read:

" 'Sec. 250.11 Action at close of bidding.

\* \* \* \* \* \*

" '(b) Preference right of purchase; declaration of purchaser. \* \* \*

" '(3) Where there is a conflict between two or more persons claiming a preference right of purchase, they will be allowed 30 days from receipt of notice within which to agree among themselves upon a division of the tracts by subdivisions. In the absence of an agreement an equitable division of the land will be made taking into consideration such factors as (i) the equalizing of the number of acres which each claimant will be permitted to purchase, (ii) desirable land use, based on topography, land pattern, location of water, and similar factors, and (iii) legitimate historical use, including contruction and maintenance of authorized improvements. *If equitable considerations dictate, all of the subdivisions may be awarded to one of the claimants.* Where only one subdivision is offered for sale and it adjoins the land of two or more preference right claimants, it will, in the absence of equitable considerations requiring otherwise, be awarded to the applicant for the sale if he is a qualified person who properly asserts such a preference right within or prior to the 30-day preference-right period. The manager will make the award by declaring the appropriate claimant or claimants purchasers of the land.' " (Emphasis ours.)

and it was therefore not equitable under the facts presented in this case to apportion the lands to be sold on an equal basis but that it would be equitable to award Wayne N. Mason 3 subdivisions and William Mason the remaining subdivisions thus giving both individuals access to lands owned by the State of Utah and to the National Forest.

It is appellant's contention that a decision of the Secretary of the Interior cannot be reviewed by courts in the absence of fraud or gross error in a case where no equitable interest has been obtained in the property such as an entrance on the public domain and placing of improvements thereon after taking possession unless a direct appeal is taken from such decision and therefore the court erred in admitting evidence other than that presented to the Secretary of the Interior and upon which the decision was based. We agree with these contentions.

The case of Johnson v. Towsley, 13 Wall 72, 80 U.S. 72, 20 L.Ed. 485, cited by respondents as authority for the court's jurisdiction to review decisions of the Land Department involved two claimants who had made entry and improvements. A patent certificate was issued by the register and receiver and this action was affirmed by the Land Commissioner on appeal but

upon appeal to the Secretary of the Interior these actions were reversed by him on a construction of an Act of Congress in which he disagreed with the construction placed on it by the other officers and patent was issued to the second claimant. The first claimant having been in possession of the land and having expended money and made improvements thereon clearly stated a case such as courts of equity have always taken jurisdiction to determine what was right and just between parties and to impress a trust on property held by the legal title holder where necessary. The Supreme Court of the United States in answering the contention that the courts did not have jurisdiction to review decisions of the Land Department after calling attention to decisions in state courts where equity had granted relief after issuance of patent upon evidence presented to them of earlier rights in the claimant, said:

"It is said, however, that the present case does not come within any of the adjudicated cases on this subject; that in all of them there has been some element of fraud or mistake on which the cases rested.

"Undoubtedly there has been in all of them some special ground for the exercise of the equitable jurisdiction, for this court does not and never has asserted that all the matters passed upon by the land office are open to review in the courts. On the contrary, it is fully conceded that when those officers decide controverted questions of fact, in the absence of fraud, or impositions, or mistake, their decision on those questions is final, except as they may be reversed on appeal in that department. But we are not prepared to concede that when, in the application of the facts as found by them they, by misconstruction of the law, *take from a party that to which he has acquired a legal right under the sanction of those laws,* the courts are without power to give any relief * * *." (Emphasis ours.)

■ In the instant case neither appellant nor respondent prior to the issuance of the patents had possession or acquired any rights in the land which a court of equity could recognize and grant relief as against the legal holder of the title. The only right they possessed was the right to be preferred because of ownership of property contiguous to the public lands being offered for sale as against bidders not so owning abutting lands. As between the claims of two or more preferred bidders the statute authorizes the Secretary of the Interior to make an equitable division among such applicants. To authorize is to empower. This power is given to the Secretary of the Interior. No right, other than the right to be preferred in the sale is given to contiguous land owners. The power to divide equitably between such claimants was placed by Congress in the Secretary of the Interior. Unless it is made to appear as a matter of law that the facts found by the

Secretary of the Interior are not supported by and are wholly unreasonable under the evidence which he received or that his interpretation of the law is not supported by the facts which he found, his decision is final and binding on the courts. See Johnson v. Riddle, 240 U.S. 467, on page 474, 36 S.Ct. 393, on page 395, 60 L.Ed. 752, wherein the United States Supreme Court said on the question of what may be reviewed by courts in a case where authority was lodged in a Commission subject to the supervision of the Secretary of the Interior, to award lots to those having a preferential right to purchase under certain Indian Agreements with the United States:

"* * * Authority to appraise town lots, improved or unimproved, to ascertain the ownership and value of the improvements, and to dispose of the lots in conformity to the provisions of the Agreement, was thereby conferred upon the town-site commission, subject to the supervision of the Secretary of the Interior. (See Ross v. Stewart, 227 U.S. 530, 534.) Their unfinished duties were devolved upon the Secretary by the act of 1905, under whose authority the Indian inspector acted, as already shown. The supreme court of Oklahoma therefore was correct in holding that the findings of the inspector respecting matters of fact, affirmed on final appeal by the Secretary, were binding upon the courts, in the absence of gross mistake or fraud (neither of which is here present), and that *the*

*judicial inquiry is limited to determining whether there was clear error of law that resulted in awarding the preferential right of purchase, and ultimately issuing the patent, to the wrong party. * * *"* (Emphasis ours.)

See also Standard Oil Co. of California v. United States, 9 Cir., 107 F.2d 402, on page 410 wherein that court said:

"* * * If Congress has clothed the Secretary with general authority to administer the grant, and if his decision of fact in this instance was made within the scope of such authority, there can be no doubt that his decision is conclusive on the courts, in the absence, at any rate, of fraud or imposition. * * *"

and Gage v. Gunther, 136 Cal. 338, 68 P. 710, on page 712.

In the case at bar there is no question of fraud or imposition. The Secretary of the Interior through his solicitor acted after considering the facts presented by the parties and upon such facts determined that no reason was presented why the department regulation, 43 CFR 250.11 (b) (3), quoted above that ordinarily it should be considered equitable to "equalize as nearly as possible the tracts they should be permitted to purchase" should not be followed. The Secretary of Interior's decision in this case under the facts and circumstances presented to him are not so unjust and inequitable as to be contrary to law and require that a trust be impressed upon the success-

ful claimant's property. From what we have said it follows that the court erred in admitting evidence at the trial not presented to the Secretary of the Interior and basing its findings and judgment on such evidence. In other words a decision of the Secretary of the Interior is reviewable only for error of law in the absence of gross mistake or fraud and such review must be based on evidence presented to the Secretary and the facts cannot be tried de novo in a court. See Standard Oil Co. of California v. United States, supra and Dale v. Lannom, 59 N.M. 77, 279 P.2d 624.

█ Although the Secretary of the Interior through his solicitor found that Wayne N. Mason was the owner of a tract of land contiguous to that being sold and the court also so found, respondent contends that Wayne N. Mason was not such an owner as entitled him to be a preferred buyer because at the time he received his quitclaim deed from Nish, Nish did not have the fee simple title but only an equitable title and therefore under 43 CFR 250.11(b) (1) quoted above Wayne N. Mason did not qualify because a quitclaim deed does not pass after acquired title.

It is to be noted that the statute does not define the quality of ownership necessary to qualify as a preferred claimant but it is the regulation which says the ownership must be of the whole title in fee. There is no dispute that before the sale Nish had the whole title and that at the time Wayne N. Mason received the quitclaim deed it was the understanding and intention of all the parties that he receive the whole fee. At the time of the sale Wayne N. Mason was entitled to the whole fee. Whether a person is an owner of property can be a mixed question of fact and law and it was a question which had to be determined before an award could be made to one as a preference claimant. The regulation was made by the Secretary of the Interior and represents his views as to the type of ownership it is necessary to have to qualify under the statute. At the time of the decision the facts concerning ownership necessarily had to be found before the award could be made, this being so it is a necessary implication of his decision that Wayne N. Mason was such an owner of a whole estate in the land as the regulation required. The determination of the fact being committed to the Secretary of the Interior his determination is conclusive on the courts. See United States v. Corporation of President of Church of Jesus Christ of Latter Day Saints, 10 Cir., 101 F.2d 156, on page 159, wherein the court said:

"* * * The finding of an administrative department upon such a question of fact committed to it for determination is conclusive on the courts if it is supported by substantial evidence; *and that rule applies in cases where there is a mixed question of law and fact,* unless the court is able to separate the question in such manner as to see clearly in what manner a mistake of law occurred." (Emphasis ours.)

There is therefore no merit to respondent's contention that the court erred in failing to find that Wayne N. Mason was not such an owner as entitled him to become a preferred claimant at the time of the sale.

Reversed with instructions to dismiss the action. Costs to appellant.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.